IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CONSOLIDATED RAIL CORPORATION** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 07- |
| | : | |
| **JAMES T. RAY,** | : | |
| **for the Estate of HAROLD F. BOYD, deceased** | : | |
| | : | |
| Defendant | : | |

## MOTION OF CONSOLIDATED RAIL CORPORATION FOR A PARTIAL STAY OF PROCEEDINGS PENDING IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO

Plaintiff, Consolidated Rail Corporation ("Conrail") by its attorneys, Pepper Hamilton LLP, pursuant to Section 209(g) of the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 719(g), moves for a partial stay of Cuyahoga County, Ohio Court of Common Pleas proceedings in *Ray v. A-Best Prods. Co. Inc., et al.*, No. CV-02-468660, solely to the extent the court is seeking to impose liability on Conrail for actions of Erie Lackawanna prior to April 1, 1976, the date on which Conrail began operations pursuant to the Rail Act, 45 U.S.C. § 701, *et seq.* In support of this Motion, Conrail respectfully refers this Court to the supporting brief filed herewith and states:

WHEREFORE, Conrail respectfully requests that this Court grant this Motion and enter an order partially staying the Ohio proceedings.

-2-

| | |
|---|---|
| Of Counsel: | /s/ Charles H. Carpenter<br>Charles H. Carpenter (D.C. Bar # 432004)<br>PEPPER HAMILTON LLP |
| Laurence Z. Shiekman<br>Ken Massey<br>T. Joel Zuercher<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA  19103-2799<br>Telephone: (215) 981-4000<br>Facsimile: (215) 981-4750 | 600 Fourteenth Street, N.W., Suite 500<br>Washington, DC  20005-2004<br>Telephone: (202) 220-1200<br>Facsimile: (202) 220-1665<br><br>Attorneys for Plaintiff,<br>Consolidated Rail Corporation |

June 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSOLIDATED RAIL CORPORATION** : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 07- |
| : | |
| **JAMES T. RAY,** : | |
| **for the Estate of HAROLD F. BOYD, deceased** : | |
| : | |
| Defendant : | |
| : | |
| : | |

**BRIEF IN SUPPORT OF MOTION OF CONSOLIDATED RAIL CORPORATION FOR A PARTIAL STAY OF PROCEEDINGS PENDING IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO**

I.  **INTRODUCTION**

Plaintiff Consolidated Rail Corporation ("Conrail") seeks a partial stay of proceedings pending in the Cuyahoga County, Ohio Court of Common Pleas in *Ray v. A-Best Products Co., Inc., et al.*, No. CV-02-468660. Plaintiff's state court complaint against Conrail hinges on an effort to impose liability on Conrail as an alleged corporate successor of Erie Lackawanna Railway Company ("Erie Lackawanna") for acts of Erie Lackawanna undertaken prior to the April 1, 1976 transfer of assets to Conrail from Erie Lackawanna Railway Company. That asset transfer was made pursuant to Section 303(b)(2), 45 U.S.C. § 743(b)(2), of the Regional Rail Reorganization Act of 1973 ("Rail Act", 45 U.S.C. § 701, *et seq.*). The central issue raised in the Ohio complaint thus requires an interpretation of this Court's conveyance

orders implementing the Rail Act, Section 303(b)(2). Such an interpretation falls under the original and exclusive jurisdiction of the United States District Court for the District of Columbia pursuant to Section 209(e) of the Rail Act, exercising the powers of the Special Court. Accordingly, consistent with past practice, the Court should exercise the authority granted to it by Section 209(g) of the Rail Act and grant Conrail's motion for a partial stay of the Cuyahoga County proceedings solely to the extent the state court may seek to impose on Conrail liability for actions of Erie Lackawanna occurring prior to the April 1, 1976 conveyance of certain of Erie Lackawanna's rail assets to Conrail.

## II. STATEMENT OF FACTS

On May 8, 2002, James Ray (hereinafter "executor"), Executor of the Estate of Harold Boyd (hereinafter "decedent") filed a Complaint in the Cuyahoga County, Ohio Court of Common Pleas against numerous defendants including Conrail, CSX Transportation, Inc., Norfolk Southern Railway, and American Premier Underwriters, Inc. (these state court defendants collectively referred to herein as the "Railroad Defendants"), alleging that during the course of the decedent's employment, decedent was negligently exposed to asbestos in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*.

The decedent was employed by Erie Lackawanna from May of 1942 through March, 1976 and worked for Conrail until his retirement in 1978. While the executor claims that Mr. Boyd was exposed to asbestos both during his employment with Erie Lackawanna and during the brief period he was employed by Conrail, there is no evidence to support the claim of exposure during the Conrail employment. It is undisputed that the decedent was employed solely by Erie Lackawanna prior to April 1, 1976 and did not work for any other railroad. The executor's sole claim against Conrail is thus based on the erroneous notion that Conrail is the

successor-in-interest to Erie Lackawanna and is therefore liable for injuries suffered during decedent's employment with Erie Lackawanna.

Pursuant to Sections 301 and 303(b)(2) of the Rail Act, on April 1, 1976, assets belonging to various bankrupt railroads were conveyed to the newly formed Consolidated Rail Corporation. 45 U.S.C. §§ 741, 743(b)(2). Section 303(b)(2) of the Rail Act, reflecting Congressional intent to prevent successor liability from hindering Conrail future's financial well-being, provided that the assets of bankrupt railroads were to be transferred to Conrail "free and clear of any liens and encumbrances, except certain types of leases." 45 U.S.C. §§ 743(b)(2). Erie Lackawanna filed for bankruptcy in June of 1972, ceased all rail operations on April 1, 1976 and conveyed the bulk of its rail properties to Conrail at that time. *See In re Erie Lackawanna Railway Co.*, 803 F.2d 881, 882 (3d Cir, 1986). Erie Lackawanna remained in reorganization until November 30, 1982, when it was discharged from bankruptcy as Erie Lackawanna, Inc. only so that it might "liquidate its remaining assets as expeditiously as possible." *Id.*

For the reasons set forth below, the Cuyahoga County, Ohio, proceedings must be stayed insofar as that court may seek to impose liability on Conrail for exposure alleged to have occurred during the decedent's employ with Erie Lackawanna.

### III.  ARGUMENT

Under Rail Act Section 209(b), Congress created a Special Court generally to interpret its conveyance orders and to determine delineated claims under the provisions of the Rail Act. 45 U.S.C. § 719(b)(1). Congress subsequently abolished the Special Court and, effective January 17, 1997, transferred all jurisdiction and other functions of the Special Court to the United States District Court for the District of Columbia. 45 U.S.C. § 719(b)(2).

This Court has the "original and exclusive jurisdiction" over "any action, whether filed by an interested person or initiated by the special court itself, to *interpret*, alter, amend,

-3-

modify or implement any of the orders entered by such court pursuant to [Section 303(b)]." 45 U.S.C. §§ 719(e)(2) (emphasis added). As noted above, Section 303(b)(2) of the Rail Act provides for the transfer of bankrupt railroad assets to Conrail "free and clear of any liens and encumbrances." 45 U.S.C. §§ 743(b)(2). As also noted above, Erie Lackawanna's assets were transferred to Conrail in 1976 pursuant to the Special Court's Section 303(b)(2) Order. In addition, pursuant to Section 209(g) of the Rail Act, the Court may "stay or enjoin any action or proceeding in any state court . . . if such action or proceeding is contrary to any provision of [the Rail Act], impairs the effective implementation of [the Rail Act], or interferes with the execution of any order of the special court pursuant to [the Rail Act]." 45 U.S.C. § 719(g).

The executor's sole claim against the Railroad Defendants in the Cuyahoga County Court of Common Pleas is based on the notion that the Railroad Defendants are successors-in-interest to Erie Lackawanna and thereby liable for decedent's injuries. The Railroad Defendants vigorously dispute the decedent's position, but for the purposes of this motion it is relevant only that the executor's argument necessarily turns on an interpretation of the Special Court's Section 303(b)(2) Order, bringing the executor's claim within the original and exclusive jurisdiction of this Court.[1]

The Court should exercise its discretion and grant Conrail's motion for a partial stay of proceedings pending in Cuyahoga County, Ohio for the following reasons. First, Rail Act Section 209(e) grants "exclusive" jurisdiction to the Court to determine the scope and meaning

---

[1] The decision of the Special Court in *Consolidated Rail Corp. v. Reading Co.*, 645 F. Supp. 1318, 1324-25 (S.C.R.R.R.A. 1987), is distinguishable. In *Reading*, Conrail sought a broad declaratory order seeking an interpretation of 45 U.S.C. §797(b) and to preempt "any attempt to pin [successorship] liability on Conrail under any theory of tort law." *Reading*, at 1323. The Special Court refused, holding such relief did not "fit squarely within our . . . jurisdiction." *Reading*, at 1323. Here, unlike *Reading*, the decedent's claim against Conrail is fully ripe and turns on this Court's Section 303(b)(2) conveyance order. Moreover, one of the issues presented here, whether the claim arose prior to the April 1, 1976 conveyance date, was not before the Court in *Reading*.

-5-

of the Special Court's conveyance orders; thus this is the only Court that may hear this matter. 45 U.S.C. § 719(e) and § 719(g). Second, this Court has previously stayed actions against Conrail based upon questions of successor liability in order to exercise its original and exclusive jurisdiction over such matters under the Rail Act. *See Consolidated Rail Corp. v. Commonwealth of Pa. Dep't of Gen. Servs.*, No. 97-RR-01, slip op. at 2 (S.C.R.R.R.A. Mar. 24, 1997).

IV.    **CONCLUSION**

For the above-stated reasons, Conrail respectfully requests that this Court grant this Motion and enter an order staying the Cuyahoga County proceedings.

Of Counsel:

Laurence Z. Shiekman
Ken Massey
T. Joel Zuercher
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

June 26, 2007

Charles H. Carpenter (D.C. Bar # 432004)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W., Suite 500
Washington, DC  20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665
carpenterc@pepperlaw.com

Attorneys for Plaintiff,
Consolidated Rail Corporation

## CERTIFICATE OF SERVICE

I, T. Joel Zuercher, certify that on this 26th day of June, 2007, I caused a true and correct copy of the foregoing Conrail's Motion to Stay Proceedings and Supporting Brief to be served by U.S. first class mail upon the following counsel at the following address:

John J. Duffy, Esq.
John J. Duffy & Associates
23823 N. Lorain Rd., #270
North Olmsted, OH 44070-0000

                                               __/s/ T. Joel Zuercher__
                                               T. Joel Zuercher

Dated: June 26, 2007