IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSOLIDATED RAIL CORPORATION** :<br>2001 Market Street :<br>Philadelhpia, PA 19103 :<br>:<br>           Plaintiff, :<br>:<br>v. :<br>:<br>**JAMES T. RAY**, :<br>**For the Estate of HAROLD F. BOYD,** :<br>**Deceased** :<br>626 Streamwater Drive :<br>Blacklick, OH 43004 :<br>:<br>           Defendant. : | Case: 1:07-cv-01148<br>Assigned To: Urbina, Ricardo M.<br>Assign. Date: 6/26/2007<br>Description: General Civil |

## ANSWER AND DEFENSE TO COMPLAINT FOR DECLARATORY RELIEF

James T. Ray, for the Estate of Harold F. Boyd, deceased ("Defendant") by and through his undersigned counsel, hereby answers and raises a defense to Consolidated Rail Corporation's ("Conrail") Complaint for Declaratory Relief. In response to said complaint, Defendant avers as follows:

### ANSWER

1. Defendant lacks sufficient information to admit or deny.

2. Admitted.

3. It is admitted that this Court has original subject matter jurisdiction, although not necessarily under the statutes cited. It is denied that such jurisdiction is exclusive.

4. Admitted.

5. Admitted.

6. It is admitted that Defendant believes that Conrail is liable for injuries arising from Decedent's employment with Erie-Lackawanna Railroad. The balance of paragraph 6 is denied.

7. Defendant lacks sufficient information to admit or deny.

8. Defendant lacks sufficient information to admit or deny.

9. Defendant lacks sufficient information to admit or deny.

10. Defendant lacks sufficient information to admit or deny.

11. Denied as stated on the ground that the cases cited speak for themselves.

12. Denied as stated on the ground that the cases cited speak for themselves.

13. Defendant lacks sufficient information to admit or deny.

14. It is admitted that Defendant claims Decedent was exposed to asbestos while employed by Erie-Lackawanna Railroad and Conrail. It is denied that there is no evidence to support the claim of exposure during Decedent's employment by Conrail.

15. Denied as stated on the ground that the statute cited speaks for itself.

16. Denied as stated on the ground that the statute cited speaks for itself.

17. Denied as stated on the ground that the case cited speaks for itself.

18. Denied.

19. Denied.

20. It is admitted that there is a disagreement between Conrail and Defendant with respect to Conrail's liability arising from Decedent's exposure to asbestos while employed by Erie-Lackawanna Railroad. It is denied that any controversy is within this Court's exclusive jurisdiction, and that an affirmative declaration from this Court is needed. The second sentence of paragraph 20 in Conrail's complaint is denied as stated on the ground that the statue cited speaks for itself.

21. Denied.

22. Denied.

23. Defendant incorporates by reference paragraphs 1 through 22 above.

24. Denied.

25. Denied.

## DEFENSE

This Court lacks jurisdiction over the person of the Defendant. Defendant is a domiciliary of Ohio who has no relationship with the District of Columbia.

*David B. Rodes*
David B. Rodes
Jeffrey V. Mansell
Goldberg, Persky & White, P.C.
1030 Fifth Ave.
Pittsburgh, PA 15219
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

*Betsy E. Lehrfeld*
Betsy E. Lehrfeld
DC Bar No. 379359
Swankin & Turner
1400 16th Street, NW
Washington, DC 20036
Telephone: (202) 462-8800
Facsimile: (202) 315-2501

Counsel for Defendant,
James T. Ray,
For the Estate of Harold F. Boyd, deceased